[No. F005536. Fifth Dist. June 25, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES DOUGLAS SHAW, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the following exceptions: statement of the facts, parts I, II, III, IV, VI, VII, VIII and IX.

**COUNSEL**

Terry E. Bunfill, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Anthony L. Dicce and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE

Appellant was tried by jury on a nine-count amended information charging violations of Penal Code sections 288, subdivision (a) (lewd or lascivious acts with child under age 14), 288a, subdivision (c) (oral copulation with child under age 14 and more than 10 years younger than appellant) and section 261, subdivision (2) (rape by means of force or fear). Appellant was acquitted of the section 261 count and one of the section 288, subdivision (a), counts by way of a Penal Code section 1118.1 motion. He was found guilty of two violations of section 288a (counts five and six), four violations of section 288, subdivision (a) (counts one, four, eight, nine), and one violation of section 647a, vagrancy, a lesser included offense of section 288, subdivision (a) (count three).

Appellant was sentenced to the upper term of eight years on count one. On counts four, five, six, eight and nine, appellant was sentenced to the upper term of eight years, six years of each sentence being stayed to reduce the term on each count to two years, or one-third the six-year middle term. These five 2-year terms were ordered to be served consecutive to the sentence imposed in count one. On count three, appellant was sentenced to six months

in the Kern County jail, to run concurrent to the sentence imposed in count one. Appellant's total sentence was thus 18 years.

STATEMENT OF THE FACTS*

. . . . . . . . . . . . . . . . . . . . . . . .

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . .

V.

*Did the trial court violate Penal Code section 1170.1, subdivision (a) in sentencing appellant to total subordinate term of 10 years?*

 Appellant argues that, as counts five and six were not "violent felonies" as defined in Penal Code section 667.5, subdivision (c), the ten-year subordinate term for counts four, five, six, eight and nine exceeds the five-year maximum set forth in Penal Code section 1170.1, subdivision (g). This court need not address whether Penal Code section 288a violations are "violent felonies" as defined in section 667.5, subdivision (c), because even if they are not, the sentence was proper.

Penal Code section 1170.1, subdivision (a) provides in part: "The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years." Appellant interprets this to mean that if *any* of the subordinate consecutive terms are not for "violent felonies," the *total* subordinate sentence may not exceed five years. This interpretation of the statute strains the language beyond reason. Appellant received six years of subordinate consecutive sentences for counts four, eight and nine, which are undeniably "violent felonies"

---

*See footnote, page 945, *ante.*

under section 667.5, subdivision (c)(6). His sentence for counts five and six totals four years, well within the five-year limit imposed by section 1170.1, subdivision (a) on "the total of subordinate terms for . . . consecutive offenses which are not 'violent felonies'. . . ." Thus, even if violations of section 288a are not "violent felonies," the imposed sentence was permissible under section 1170.1, subdivision (a).[1]

VI.-IX.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Martin, J., and Best, J., concurred.

---

[1]Although appellant does not raise the issue of the double-the-base-term limitation of section 1170.1, subdivision (g), we note the recent Supreme Court decision in *People* v. *Magill* (1986) 41 Cal.3d 777 [224 Cal.Rptr. 702, 715 P.2d 662], holding that a "violent felony" conviction eliminates *completely* the double-the-base-term restriction.

*See footnote, page 945, *ante*.