[No. C001783. Third Dist. Dec. 6, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
SALVADOR MENA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, all portions of this opinion shall be published except the Facts and parts I, II, IV, V, VI, VII, VIII, X and XI of the Discussion.

**COUNSEL**

Frank O. Bell, Jr., and Harvey R. Zall, State Public Defenders, under appointment by the Court of Appeal, and Gary E. McCurdy, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Thomas Y. Shigemoto and Esteban Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

SIMS, J.—A jury convicted 39-year-old defendant Salvador Mena of 26 counts of felony offenses committed upon a child under 14 during February and March 1984 as follows:

Thirteen counts (Nos. 9-14 and 16-22) of procuring a child under age 14 for lewd acts (former Pen. Code, § 266j; statutory references are to this code unless otherwise noted);

Seven counts (Nos.1, 2, 6, 8, 15, 23 and 26) of lewd acts upon a child under age 14 (§ 288, subd. (a));

Four counts (Nos. 4, 5, 24, 25) of participation in an act of oral copulation with another person who is under 14 years of age and more than 10 years younger than the perpetrator (§ 288a, subd. (c));

One count (No. 3) of sodomy with another person who is under 14 years of age and more than 10 years younger than the perpetrator (§ 286, subd. (c)); and

One count (No. 7) of lewd acts on a child under age 14 by force (§ 288, subd. (b)).

The convictions for violation of former section 266j were premised upon defendant's taking his 13-year-old second cousin, Denise, to farm labor camps where she performed acts of prostitution. The remaining convictions were premised upon acts committed by defendant with or upon Denise.

Sentenced to a total unstayed state prison term of 45 years, defendant appeals. He contends: (1) the trial court erroneously denied his *Marsden* motions (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]); (2) the trial court erroneously denied his *Faretta* motion (*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]); (3) the trial court should have suppressed an in-court identification of defendant by a witness; (4) the trial court committed various instructional errors; (5) the prosecutor committed misconduct during closing argument; (6) the trial court erroneously responded to a jury inquiry without informing defendant or his counsel; (7) the trial court erroneously imposed the upper term on count 9; (8) the trial court failed to observe the five-year limitation in subdivision (a) of section 1170.1 by imposing consecutive terms on certain counts; (9) the trial court should have stayed either count 24 or count 25 pursuant to section 654; and (10) the trial court committed error by failing to state reasons for sentencing pursuant to section 667.6, subdivision (c) instead of section 1170.1 as required by *People* v. *Belmontes* (1983) 34 Cal.3d 335, 347 [193 Cal.Rptr. 882, 667 P.2d 686].

In an unpublished portion of this opinion, we consider and reject all but two of these contentions. In this published portion we consider defendant's claims that (1) the jury should have been instructed that Denise's testimony required corroboration; and (2) the trial court's sentence violated subdivision (a) of section 1170.1.

We shall affirm the judgment of conviction but stay certain consecutive sentences imposed in violation of section 1170.1, subdivision (a).

FACTS*

. . . . . . . . . . . . . . . . . . . .

* See footnote, *ante,* page 420.

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . .

III

*The Trial Court Correctly Declined to Instruct the Jury That the Testimony of the Child Victim Required Corroboration.*

The victim, Denise, testified at trial. ▇ Defendant contends the trial court should have instructed sua sponte that her testimony on counts 9 through 14 and 16 through 22 required corroboration under either section 1108 or section 1111. We disagree.

Section 1108 provides that "Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling, enticing, or taking away an unmarried female of previous chaste character, under the age of eighteen years, for the purpose of prostitution, or aiding or assisting therein, the defendant cannot be convicted upon the testimony of the woman upon or with whom the offense was committed, unless she is corroborated by other evidence."

Defendant suggests he was prosecuted for ". . . inveigling, enticing, or taking away an unmarried female of previous chaste character, . . ." so that section 1108 applies. However, as the People properly note, this language was borrowed from section 266 which is set out below.[3] Any doubt this borrowing was intentional is dispelled by the Code Commissioners' Notes describing a 1905 amendment to section 1108 (Stats. 1905, ch. 533, § 2, p. 696) as follows: "The amendment consists in the substitution of the word 'eighteen' for 'twenty-five.' The purpose is to conform the section to the provisions of section 266." (See Code Comrs. Notes, West's Ann. Pen. Code (1985 ed.) § 1108, p. 364.)

---

* See footnote, *ante,* page 420.

[3] Section 266 provides: "Every person who inveigles or entices any unmarried female, of previous chaste character, under the age of 18 years, into any house of ill fame, or of assignation, or elsewhere, for the purpose of prostitution, or to have illicit carnal connection with any man; and every person who aids or assists in such inveiglement or enticement; and every person who, by any false pretenses, false representation, or other fraudulent means, procures any female to have illicit carnal connection with any man, is punishable by imprisonment in the state prison, or by imprisonment in a county jail not exceeding one year, or by a fine not exceeding two thousand dollars ($2,000), or by both such fine and imprisonment."

Here, defendant was accused and convicted not of section 266 but of former section 266j which describes a different offense.[4] Among other differences, sections 266 and 1108 refer to an unmarried female of previous chaste character; section 266j does not. Since defendant was not charged with, nor convicted of, violating section 266, section 1108 did not require that Denise's testimony be corroborated.

■ Defendant also contends Denise's testimony required corroboration because she was an accomplice. (§ 1111; see *People* v. *Terry* (1970) 2 Cal.3d 362, 398, 399 [85 Cal.Rptr. 409, 466 P.2d 961].) However, she was not.

It has long been settled that where a penal statute expressly outlaws conduct against minors, a minor who is a victim of the proscribed conduct is not an accomplice and the jury need not be instructed that the minor's testimony requires corroboration. (*People* v. *De Paula* (1954) 43 Cal.2d 643, 647 [276 P.2d 600], followed in *People* v. *Poindexter* (1958) 51 Cal.2d 142, 149-150 [330 P.2d 763]; *People* v. *Montalvo* (1971) 4 Cal.3d 328, 331 [93 Cal.Rptr. 581, 482 P.2d 205, 49 A.L.R.3d 518]; see *People* v. *Yarber* (1979) 90 Cal.App.3d 895, 908-909 [153 Cal.Rptr. 875]; *People* v. *Thomas* (1968) 267 Cal.App.2d 698, 703 [73 Cal.Rptr. 590], and authorities cited.) Each of the statutes defendant was accused of violating expressly protects minors, and Denise was the victim of each violation. Thus, Denise was not an accomplice. (*Ibid.*) Her testimony required no corroboration and accomplice instructions were inappropriate. (*Ibid.*)

IV-VIII*

. . . . . . . . . . . . . . . . . . . .

IX

*Certain Terms Must Be Stayed Pursuant to Subdivision (a) of Section 1170.1.*

At sentencing the trial court selected count 9 as the base term and imposed the upper term of eight years. Twelve consecutive two-year terms

---

[4] At the time of defendant's offenses, section 266j provided: "Any person who intentionally gives, transports, provides, or makes available, or who offers to give, transport, provide or make available to another person, a child under the age of 14 for the purpose of any lewd or lascivious act as defined in Section 288, or who causes, induces, or persuades a child under the age of 14 to engage in such an act with another person, is guilty of a felony and shall be imprisoned in the state prison for a term of three, six or eight years." (Stats. 1981, ch. 1043, § 3, p. 3995.) The statute was amended in 1987 to raise the age of the child victim to 16. (Stats. 1987, ch. 1068, § 1, No. 4 Deering's Adv. Legis. Service, p. 3710.)

* See footnote, *ante,* page 420.

(one-third of the six-year middle term) were imposed on counts 10 through 14 and 16 through 22; however, nineteen of these twenty-four years were stayed pursuant to the five-year limitation in subdivision (a) of section 1170.1. Twelve consecutive two-year terms (one-third of the six-year middle term) were also imposed for counts 1 through 6, 8, 15, and 23 through 26. No part of these terms was stayed. An additional fully consecutive eight-year upper term was imposed for count 7. (§ 667.6, subd. (c).)

 Defendant contends the consecutive terms imposed on count 3 (§ 286, subd. (c), sodomy with age difference) and counts 4, 5, 24, and 25 (§ 288a, subd. (c), oral copulation with age difference) must be stayed because the court had already reached the five-year limitation of section 1170.1, subdivision (a) by imposition of consecutive terms on counts 10 through 12 (§ 266j).

Section 1170.1, subdivision (a), as it existed at the time of defendant's offenses, provided in pertinent part (as it does now) that, "The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. *In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years.*" (Stats. 1982, ch. 1551, § 1.5, p. 6048, italics added.)

The question turns on whether sections 286, subdivision (c) and 288a, subdivision (c) define "violent felonies."[8] The issue has apparently not been squarely decided. In *People* v. *Hetherington* (1984) 154 Cal.App.3d 1132 [201 Cal.Rptr. 756], the court remarked in dictum in a footnote that section 288a, subdivision (c) did not define a "violent felony." (*Id.,* at p. 1137, fn. 4.) And in *People* v. *Stephenson* (1984) 160 Cal.App.3d 7 [206 Cal.Rptr. 444], the appellate court approved without discussion the sentencing undertaken by the trial court, which had concluded that violations of sections 288a, subdivisions (b)(2)[9] and (c) and 286, subdivision (b)(2)[10] were not "violent felonies." (*Id.,* at pp. 8, 11.) The question is therefore one of statutory interpretation.

---

[8] The People make no contention that the crime defined by section 266j is a "violent felony."

[9] Oral copulation by a person over age 21 with a person under age 16.

[10] Sodomy by a person over age 21 with a person under age 16.

Section 667.5, subdivision (c), as it existed at the time of defendant's offenses, is set out in pertinent part in the margin.[11] The parties implicitly agree that sodomy or oral copulation with a 10-year age difference are not committed "by force, violence, duress, menace, or threat of great bodily harm" as required by subdivisions (c)(4) and (c)(5) of former section 667.5. Rather, the parties dispute whether the crimes are embraced by subdivision (c)(6), defining a violent felony as "Lewd acts on a child under 14 as defined in Section 288."

In essence, defendant contends these words state the name of a crime, i.e., the crime defined in section 288. Since defendant has not been convicted of violating section 288 in the counts at issue, because conviction on these counts did not require the specific intent necessary to a violation of section 288 (see *People* v. *Griffin* (1988) 46 Cal.3d 1011, 1029-1030 [251 Cal.Rptr. 643, 761 P.2d 103]; *People* v. *Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595]; *People* v. *Brocklehurst* (1971) 14 Cal.App.3d 473, 476 [92 Cal.Rptr. 340]), defendant says he has not been convicted of a "violent felony."

The People contend subdivision (c)(6) of section 667.5 does not state the name of a crime. Rather, the People assert that the words, "Lewd acts on a child under 14 as defined in Section 288" are directions; they tell the reader where to find a further definition of lewd acts. The People argue the statutory language commands the reader to look to section 288 to see what lewd acts are defined there. Thus, if a lewd act is "defined in section 288," it is a violent felony. The People note that subdivision (a) of section 288 provides in relevant part (as it did when defendant committed his crimes): [12] "Any person who shall willfully and lewdly commit any lewd or lascivious act *including any of the acts constituting other crimes provided for in Part 1 of*

---

[11] Section 667.5, subdivision (c) provided in relevant part: "For the purpose of this section, 'violent felony' shall mean any of the following: [¶] (1) Murder or voluntary manslaughter. [¶] (2) Mayhem. [¶] (3) Rape as defined in subdivision (2) of Section 261. [¶] (4) Sodomy by force, violence, duress, menace, or threat of great bodily harm. [¶] (5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm. [¶] (6) *Lewd acts on a child under 14 as defined in Section 288.* [¶] (7) Any felony punishable by death or imprisonment in the state prison for life. [¶] (8) Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5." (Stats. 1983, ch. 229, § 1, p.706, italics added.)

Subdivisions (c)(4) and (c)(5) of section 667.5 were amended in 1985 to substitute "fear of immediate and unlawful bodily injury on the victim or another person" for "threat of great bodily harm." (Stats. 1985, ch. 402, § 1; see *People* v. *Riffey* (1985) 171 Cal.App.3d 419 [217 Cal.Rptr. 319].) These amendments are not germane to the issues before us.

[12] See Statutes 1981, chapter 1064, section 1, page 4093.

*this code* upon or with the body, or any part of member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony . . . ." (Italics added.)

The People argue "Both . . . offenses, Penal Code section 286 (c) and 288a (c), are 'crimes' as provided in Part 1 of the Penal Code. Therefore, Counts 3, 4, 5, 24 and 25 are plainly 'violent felonies' within the meaning of section 667.5 (c)(6)." Implicit in the People's argument is the assertion that the subject crimes were committed "upon or with the body . . . of a child under the age of 14 years . . ." as required by subdivision (a) of section 288.

It thus appears that the meaning of subdivision (c)(6) of section 667.5 may change according to the perspective with which its language is viewed. For that reason, the statute is superficially ambiguous. However, closer analysis reveals the People's position is untenable.

Preliminarily we note that defendant's argument finds support in the language of subdivision (c) of section 667.5, read as a whole. Each of the subdivisions preceding (c)(6) clearly states the name of a felony crime, i.e., murder, mayhem, rape, sodomy and oral copulation. (See fn. 11, *ante*.) Moreover, "Lewd Act on Child Under 14" is a name commonly given the crime defined by section 288. (See, e.g., Matthew Bender, The Standard California Codes (1988 ed.) Pen. Code, § 288.) Finally, defendant's construction accomplishes the announced purpose of the statute—to identify certain felony offenses as "violent"—in a straightforward manner. Thus, if we construe subdivision (c)(6) in the context of the statute of which it is a part, as we are supposed to do (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1008 [239 Cal.Rptr. 656, 741 P.2d 154]), defendant's construction appears eminently plausible.

If, as the People assert, the words "Lewd acts on a child under 14 as defined in section 288" command us to look to section 288 to see what acts are defined there, then the plain language of that phrase would include *all* lewd acts defined in section 288, since the statutory language suggests no distinction.

The problem with having all lewd acts defined in section 288 be violent felonies is that either the acts must be accompanied by the specific intent specified in section 288 ("the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires" of the perpetrator or child) or else some acts otherwise embraced by section 288 would not be felonies. Although subdivision (a) of section 288 includes "other crimes provided for in

Part I of this code upon or with the body . . . of a child . . . ," many of these crimes are misdemeanors. (E.g., battery; §§ 242, 243, subd. (a).) Indeed, subdivision (a) of section 288 includes mere touchings which, in the absence of the requisite specific intent, are not crimes at all. (See, e.g., *People* v. *Dontanville* (1970) 10 Cal.App.3d 783, 795 [89 Cal.Rptr. 172] [rubbing child's stomach].) Thus, Witkin makes the point that section 288 "may be violated by simple acts which are neither obviously sexual nor even obscene." (1 Witkin, Cal. Crimes (1963) § 549, p. 500.) Consequently, if we were to adopt the People's proposed interpretation of subdivision (c)(6) of section 667.5, in order to accomplish the aim of the statute—the identification of violent *felonies*—we would have to insist that the lewd acts defined in section 288 be accompanied by the specific intent that the latter statute by its plain language prescribes. (See p. 427, *ante*.) However, that would simply bring us back to where defendant started: with the crime defined by section 288.

In light of this analysis, we conclude the People's proposed interpretation of subdivision (c)(6) of section 667.5 is unreasonable. ■ "[I]t is fundamental that a statute should not be interpreted in a manner that would lead to absurd results. [Citation.]" (*People* v. *Morris* (1988) 46 Cal.3d 1, 15 [249 Cal.Rptr. 119, 756 P.2d 843].) ■ Defendant's proposed construction is correct: subdivision (c)(6) states the name of the felony defined by section 288.

Since defendant was not convicted of section 288 (nor of any other violent felony) on counts 3, 4, 5, 24, or 25, the consecutive terms imposed on these counts must be stayed because they exceed the five-year limitation in subdivision (a) of section 1170.1. Also, since it appears the trial court imposed the maximum sentence allowed by law on all other counts, there is no need to remand to the trial court for resentencing. (Compare *People* v. *Savala* (1983) 147 Cal.App.3d 63 [195 Cal.Rptr. 193].) The sentences imposed on counts 3, 4, 5, 24, and 25 are hereby stayed, the stay to become permanent upon defendant's completion of his sentence on the unstayed counts. (See *People* v. *Niles* (1964) 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11].) The trial court shall prepare an amended abstract of judgment showing these stays and forward it to the Department of Corrections.

X, XI*

. . . . . . . . . . . . . . . . . . .

* See footnote, *ante*, page 420.

## DISPOSITION

The judgment of conviction is affirmed. The trial court shall prepare an amended abstract of judgment as described in the opinion and forward it to the Department of Corrections.

Sparks, Acting P. J., and Marler, J., concurred.

A petition for a rehearing was denied January 4, 1989, and appellant's petition for review by the Supreme Court was denied March 1, 1989.