[No. C006139. Third Dist. May 30, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JIM E. SUTTON, Defendant and Appellant.

1326

COUNSEL

Lawrence A. Gibbs, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael J. Weinberger, Susan Rankin Bunting and Harry J. Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CARR, Acting P. J.—Defendant pled no contest to seven counts of committing a lewd or lascivious act on a child under the age of fourteen. (Pen. Code, § 288, subd. (a).)[1] Eighty other counts were dismissed in exchange for defendant's plea. He was sentenced to the eight-year upper term on one count as the principal term. He received consecutive terms stayed to one-third of the midterm of six years on the other counts, for a total sentence of twenty years. (§§ 288, subd. (a), 1170.1, subd. (a).)

█ Defendant appeals contending his sentence exceeds statutory limits on the length of consecutive terms. He asserts section 288, subdivision (a) does not define a violent felony which falls outside the five-year limit for

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

subordinate terms established in section 1170.1. We find no error and affirm.

Twelve years of defendant's sentence consists of consecutive subordinate terms. Subdivision (a) of section 1170.1 provides generally that subordinate consecutive terms may not total more than five years unless the underlying convictions are for "violent felonies" as defined in section 667.5, subdivision (c). Section 667.5, subdivision (c)(6) expressly provides the term "violent felony" includes "Lewd acts on a child under 14 as defined in Section 288."[2] Despite this plain language defendant contends his subordinate terms are subject to the five-year cap of section 1170.1.

Given that violations of section 288 are expressly defined as violent felonies for the purposes of the five-year subordinate term limit, we discern no error in defendant's sentence. All of the other appellate courts which have considered this question have reached the same conclusion. (*People* v. *Shaw* (1986) 182 Cal.App.3d 945, 946-948 [227 Cal.Rptr. 592]; *People* v. *Stephenson* (1984) 160 Cal.App.3d 7, 9-12 [206 Cal.Rptr. 444]; *People* v. *Hetherington* (1984) 154 Cal.App.3d 1132, 1136-1140 [201 Cal.Rptr. 756].)

Defendant erroneously contends our decision in *People* v. *Mena* (1988) 206 Cal.App.3d 420 [254 Cal.Rptr. 10], requires a different result. That decision has no relevance here.

In *Mena* we held sodomy on a child with an age difference and oral copulation on a child with an age difference are not violent felonies for the purposes of section 1170.1. (§§ 286, subd. (c), 288a, subd. (c).) (*Mena, supra*, 206 Cal.App.3d at pp. 428-429.) However, this conclusion was based simply on a plain reading of sections 1170.1 and 667.5, subdivision (c) which do not include those crimes within those defined as violent felonies. (*Ibid.*)

Defendant contends that because the more invasive crimes discussed in *Mena* are not defined as violent felonies it would be an irrational interpreta-

---

[2] Section 1170.1, subdivision (a) provides in relevant part: "[W]hen any person is convicted of two or more felonies . . . and a consecutive term of imprisonment is imposed . . . the aggregate term of imprisonment for all these convictions shall be the sum of the principal term [and] the subordinate term . . . . The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes . . . . In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years."

Section 667.5, subdivision (c) provides in relevant part: "For the purpose of this section, 'violent felony' shall mean any of the following:

". . . . . . . . . . . . . . . . . .

"(6) Lewd acts on a child under 14 as defined in Section 288."

tion of sections 1170.1 and 667.5 to hold that the nonforcible touchings defined in section 288, subdivision (a) could be considered violent felonies. That the Legislature has failed to include all of the possible crimes within a particular category does not render the decision to include some crimes irrational. The Legislature's decision to permit greater punishment of violations of section 288, subdivision (a) by removing the limit on subordinate terms can be rationally seen as the result of a legislative conclusion that that offense merits more severe sanctions than other types of crimes.

Our conclusion is bolstered by the fact violations of section 288 have been deemed violent felonies since the determinate sentencing laws first took effect in 1977. (§ 667.5, subd. (c)(6); Stats. 1976, ch. 1139, and ch. 1139, § 268, p. 5061.) The Legislature has had more than 10 years to correct any oversight and has not chosen to do so, even after the decision in *Hetherington, supra*, in 1984. Nor did the Legislature take any action to remove subdivision (a) of section 288 from the violent felony category when in 1979 it added subdivision (b) which separately defines forcible touchings. (§ 288; Stats. 1979, ch. 944, § 6.5, p. 3254.) As defendant's sentence is proper under the express language of the relevant statutes we find no error.

The judgment is affirmed.

Sparks, J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 15, 1990.