[Crim. No. 15400. Fourth Dist., Div. One. Apr. 26, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS MAX HETHERINGTON, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Certified for publication with the exception of section I.

1134

**COUNSEL**

Savitz, McCabe & Schmid and Richard E. Savitz for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Keith I. Motley and Jesus Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WIENER, J.**—This is a sentencing appeal.

Sixty-seven-year-old Thomas Max Hetherington and his wife ran a licensed day care center where for almost three years he molested many children. An information charged Hetherington with 82 sex offenses. In a written plea bargain containing a *Harvey* waiver (*People* v. *Harvey* (1979) 25 Cal.3d 754, 757-759 [159 Cal.Rptr. 696, 602 P.2d 396]), Hetherington pleaded guilty to five counts of Penal Code section 288, subdivision (a)[2] (counts 16, 38, 42, 70 and 81) and three counts of section 288a, subdivision (c) (counts 77, 79 and 82). He was sentenced to a total term of 21 years, 4 months: an aggravated principal term of 8 years on count 77 (§ 288a, subd. (c)) and 13 years, 4 months representing the total consecutive subordinate midterms for the balance of the crimes. In extending the total subordinate term beyond five years the court treated section 288, subdivision (a) as a "violent felony" under section 667.5, subdivision (c)(6). Hetherington challenges that treatment, as well as the court's sentence choice reasons and refusal to apply the now repealed mentally disordered sex offender statutes. We affirm the judgment and remand for resentencing on counts 70 and 81.

I*

. . . . . . . . . . . . . . . . . . . . . . . .

II

A

 Hetherington contends his total subordinate term of thirteen years and four months must be reduced to five years under section 1170.1, subdivision (a). That subdivision limits the total of the subordinate terms under section 1170.1 for consecutively sentenced nonviolent offenses to five years. The limitation does not apply, however, to subordinate terms imposed for any offense which is a "violent felony" under section 667.5, subdivision (c). (See § 1170.1, subd. (a).) Section 667.5, subdivision (c)(6) defines "violent felony" as including "[l]ewd acts on a child under 14 *as defined in Section 288.*" (Italics added.) Notwithstanding this express language to the contrary, Hetherington contends section 288, subdivision (a) is not a "violent felony" under section 667.5, subdivision (c)(6), and thus the five-

---

[2]All statutory references are to the Penal Code unless otherwise indicated.

*See footnote 1, *ante,* page 1132.

year subordinate term limitation of section 1170.1, subdivision (a) must be applied.[4]

As a threshold matter, Hetherington points out the Legislature itself distinguished "violent" and "nonviolent" section 288 offenses when it added subdivision (b) in 1979.[5] From this observation, Hetherington reaches a number of conclusions. First, Hetherington argues the Legislature must have had a reason for adding subdivision (b) to section 288 because it would not have done so if the "new" subdivision (b) offense was to be no different than the "old" subdivision (a) offense.[6] From this correct premise Hetherington draws an incorrect conclusion: the Legislature's reason for adding subdivision (b) was to provide the basis for a "narrowing" of section 667.5, subdivision (c)(6) by limiting its applicability to "violent" subdivision (b) offenses while removing "nonviolent" subdivision (a) offenses from its scope. The problem with this conclusion is that section 667.5, subdivision (c)(6) still refers generally to "Section 288" rather than specifically to section 288, subdivision (b). Hetherington proposes oversight as the explanation for the Legislature's failure to amend section 667.5, subdivision (c)(6) to refer specifically to section 288, subdivision (b). We believe, however, the Legislature would not have overlooked amending section 667.5, subdivision (c)(6) if its reason for adding subdivision (b) to section 288 was to provide the basis for just such an amendment.

A better explanation for the Legislature's addition of subdivision (b) to section 288 appears from the legislative history. When it added subdivision

---

[4]Hetherington's offenses under section 288a, subdivision (c) in counts 79 and 82 were not "violent felonies" because they did not involve "force, violence, duress, menace, or threat of great bodily harm" as required by section 667.5, subdivision (c)(5). Accordingly, our cdiscussion in this opinion relates solely to Hetherington's remaining subordinate term offenses, his violations of section 288, subdivision (a).

[5]As amended in 1979, section 288 provides: "(a) Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, five, or seven years. "(b) Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or threat of great bodily harm, and against the will of the victim shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, five or seven years." (Stats. 1979, ch. 944, § 6.5, p. 3254.)
In 1981 section 288 was further amended to increase the punishment for violations of subdivisions (a) and (b) to three, six or eight years, and subdivision (c) was added as follows: "(c) In any arrest or prosecution under this section the peace officer, the district attorney, and the court shall consider the needs of the child victim and shall do whatever is necessary and constitutionally permissible to prevent psychological harm to the child victim." (Stats. 1981, ch. 1064, § 1, p. 4093.)

[6]Before 1979, section 288 consisted solely of subdivision (a) of section 288 as amended in 1979. (Compare Stats. 1978, ch. 579, § 17, p. 1984 with Stats. 1979, ch. 944, § 6.5, p. 3254.)

(b) to section 288, the Legislature also amended or added seven other statutes in the Penal Code (§§ 667.6, subds. (a), (c), (d), 1170.1, subd. (h),[7] 1192.5, 1203.065, subds. (a),[8] (b), 12022.8) and the Welfare and Institutions Code (§§ 707, subd. (b)(6), 1732) in which it made specific references to subdivision (b). (Stats. 1979, ch. 944, §§ 10, p. 3258, 12, p. 3260, 13, p. 3261, 15, p. 3262, 18, p. 3263, 19, p. 3264, 20, p. 3265.) Thus the Legislature demonstrated both its reasons for adding subdivision (b) and its ability to make corresponding changes in affected statutes. In this context, it appears the Legislature's failure to amend section 667.5, subdivision (c)(6) to refer specifically to subdivision (b) was by design rather than by oversight.

Hetherington next observes section 288, subdivisions (a) and (b) provide identical punishment. (See fn. 5, *ante*.) However, if the two subdivisions are to be distinguished for sentencing purposes, Hetherington reasons their respective punishments must somehow differ and the punishment for a "violent" subdivision (b) offense must be more severe than the punishment for a "nonviolent" subdivision (a) offense. The difference, he concludes, is that section 667.5, subdivision (c)(6) removes subordinate terms for subdivision (b) offenses (but not for subdivision (a) offenses) from the five-year subordinate term limitation of section 1170.1, subdivision (a). Again, we agree with Hetherington's premise but not with his conclusion.

Beyond the identical three terms provided in section 288, subdivisions (a) and (b), a subdivision (b) offender is vulnerable to more severe punishment than a subdivision (a) offender. By concurrent statutory changes enacted in 1979 (see *ante*), the Legislature provided longer sentences (§ 667.6, subds. (c), (d)) and more enhancements (§§ 667.6, subd. (a), 1170.1, former subd. (h), 12022.8) for subdivision (b) offenders. It also restricted plea bargaining (§ 1192.5) and the availability of probation (§ 1203.065, former subd. (a), subd. (b)), treatment as a minor (Welf. & Inst. Code, § 707, subd. (b)(6)) and commitment to the Youth Authority (Welf. & Inst. Code, § 1732). Thus, apart from section 667.5, subdivision (c)(6), a section 288, subdivision (b) conviction results in proportionately more serious consequences (see § 1170, subd. (a)(1)) than does a section 288, subdivision (a) conviction.

---

[7] Section 1170.1, subdivision (h) was redesignated as subdivision (i) in 1982 without any substantive change. (See *People* v. *Price* (1984) 151 Cal.App.3d 803, 819, fn. 11 [199 Cal.Rptr. 99].)

[8] The reference to section 288, subdivision (b) in section 1203.065, subdivision (a) has since been deleted. (Stats. 1981, ch. 1064, § 3.5, p. 4094.)

Returning to his oversight theme, Hetherington notes the Legislature over the years has removed all "nonviolent" felonies[9] *except* section 288, subdivision (a) from section 667.5, subdivision (c). Hetherington therefore concludes the Legislature intended to remove subdivision (a) offenses as well and specifically enacted subdivision (b) to provide the basis for that change.

Contrary to Hetherington's presumption, section 288, subdivision (a) is *not* the only "nonviolent" felony remaining in section 667.5, subdivision (c). At least two other felonies which, by definition, can be committed without causing physical injury to a person (§§ 37, 218) are included in section 667.5, subdivision (c)(7).[10] Consequently, the inclusion of section 288, subdivision (a) offenses in section 667.5, subdivision (c)(6) looks more like a legislative intention which should be judicially respected and less like a legislative aberration which should be judicially excised. Furthermore, even if section 288, subdivision (a) was the only "nonviolent" felony remaining in section 667.5, subdivision (c), its continuing presence following the Legislature's removal of other formerly included "nonviolent" felonies is equally consistent with either inadvertence or an intent to *retain* subdivision (a) offenses as "violent felonies" under section 667.5, subdivision (c).

In addition to the above, two other points are particularly persuasive indicators the Legislature intended to include section 288, subdivision (a) offenses within section 667.5, subdivision (c)(6). Foremost is the clear and unambiguous language of the statute: "Lewd acts on a child under 14 *as defined in Section 288.*" (Italics added.) ■ We must follow the plain meaning of the statute unless doing so will produce absurd results or will frustrate the manifest purpose of the legislation considered as a whole. (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].) ■ As shown above, we need not be concerned with producing absurd results by including section 288, subdivision (a) offenses within section 667.5, subdivision (c)(6). We must be concerned, however, with following the manifest purpose of section 667.5, subdivision (c). That concern leads to the second indicator of legislative intent. Section 667.5, subdivision (c) states: "The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's

[9]E.g., former section 209 (kidnaping where victim does not suffer death or bodily harm); former section 261, subdivisions (2) (rape of person incapable of legal consent) and (4) (rape of person prevented from resisting by threat of bodily harm or by use of intoxicant, narcotic or anesthetic).

[10]Section 667.5, subdivision (c)(7) defines "violent felony" as including "[a]ny felony punishable by death or imprisonment in the state prison for life." If "imprisonment . . . for life" includes imprisonment for life *with* the possibility of parole (see *In re Monigold* (1983) 139 Cal.App.3d 485, 487, fn. 1 [188 Cal.Rptr. 698]), then three additional "nonviolent" felonies (§§ 209, subds. (a), (b), 219) are included in section 667.5, subdivision (c)(7).

condemnation for such *extraordinary crimes of violence against the person.*" (Italics added.) We consider it significant that the statute refers simply to "violence" rather than to "physical violence," "physical injury" or "bodily harm." The statute's unadorned language indicates the Legislature intended to impose increased punishment via section 667.5, subdivision (c) not only for certain felonies which are "violent" in a physical sense but also for other selected felonies which cause extraordinary psychological or emotional harm. (Cf. *People* v. *Caudillo* (1978) 21 Cal.3d 562, 582 [146 Cal.Rptr. 859, 580 P.2d 274] [reference to "physical injury" in § 12022.7 does not include psychological or emotional distress].) By adding subdivision (c) to section 288 in 1981 (see fn. 5, *ante*), the Legislature recognized *both* subdivisions (a) and (b) violations often cause irreparable psychological and emotional damage to child victims. Therefore, "to display society's condemnation for such extraordinary crimes of violence against the person," the Legislature included *both* subdivisions (a) and (b) within section 667.5, subdivision (c)(6). The Legislature acted within its discretion, based on its proper concern for the welfare of children, to include subdivision (a) offenses (but not to include other physically "nonviolent" sex offenses) within the scope of section 667.5, subdivision (c). Accordingly, we hold Hetherington's section 288, subdivision (a) offenses are "violent felonies" under section 667.5, subdivision (c)(6) and thus the five-year subordinate term limitation of section 1170.1, subdivision (a) does not apply.

B

Hetherington also challenges the court's statement of reasons for the sentence it imposed.

 He first argues the court failed to consider mitigating circumstances. The court said: "I recognize the factors in mitigation. He is 67 years old. He's been employed all of his life. And as People's counsel states, he has no prior record; however, the law tells me I have to balance the circumstances in aggravation [and] the circumstances in mitigation and not even— not only by a preponderance of the evidence, but clearly and beyond a reasonable doubt, circumstances in aggravation outweigh the circumstances in mitigation, and the law tells me that's what I ought to do, and I'm doing it."

The court properly examined and weighed the relevant factors in imposing Hetherington's sentence. Even if this court were to weigh the aggravating and mitigating circumstances differently, absent an abuse of discretion we may not substitute our judgment for that of the sentencing court. (See *People* v. *Evans* (1983) 141 Cal.App.3d 1019, 1022 [190 Cal.Rptr. 633].) "[I]n the absence of a clear showing that its sentencing decision was

arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate sentencing objectives . . . ." *(People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].)

■ Hetherington further contends the court violated California Rules of Court rule 441[11] by (1) using the same facts to impose the upper term on the principal count as to impose consecutive sentences (rule 441(c)), and (2) relying on an element of a crime to impose an upper term. (Rule 441(d).)

The court did not use the same facts to impose both the upper term and the consecutive sentences. In imposing the upper term on the principal count the court relied on the facts that Hetherington, as a day care center operator, occupied and took advantage of a position of trust, he demonstrated callous disregard of the ages and unsophistication of the children, the victims were particularly vulnerable and the three-year period of the crimes demonstrated scheming, careful planning and premeditation. Each of these factors is set out in rule 421.[12] To impose consecutive sentences the court relied on the separate and distinct nature of each act involving different victims and different times. (See *post.*) These factors are not the same as those the court relied on under rule 421 and consequently there was no dual use of facts. (Cf. *People* v. *Ratcliffe* (1981) 124 Cal.App.3d 808, 821-822 [177 Cal.Rptr. 627].)

■ The court did not violate rule 441(d) by relying on an element of the crime to impose the upper term. The court stated: "I also note that he demonstrated callous disregard to the ages and unsophistication of the victims, and I know that these are crimes perpetrated on children under the age of 14, which is a statutory definition of the crime, but these were particularly vulnerable people under the circumstances being taken to a child— of all places, to a child care home."

The supervision and control Hetherington exercised over his victim at the day care center provided a sufficient basis for the court's finding the victim

---

[11]All rule references are to the California Rules of Court.

[12]Rule 421 states, in pertinent part: "Circumstances in aggravation include:

"(a) Facts relating to the crime, including the fact that:

"(1) The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7.

" . . . . . . . . . . . . . . . . . . . . .

"(3) The victim was particularly vulnerable.

" . . . . . . . . . . . . . . . . . . . . .

"(8) The planning, sophistication or professionalism with which the crime was carried out, or other facts, indicate premeditation.

" . . . . . . . . . . . . . . . . . . . . .

"(12) The defendant took advantage of a position of trust or confidence to commit the offense."

of this age range offense was particularly vulnerable. (*People* v. *Garcia* (1983) 147 Cal.App.3d 1103, 1106-1107 [195 Cal.Rptr. 494].)

■ Hetherington also argues the court failed to state specific reasons for imposing consecutive sentences on the subordinate counts.

In imposing a consecutive sentence for the first subordinate count the court stated: "Count 79 is predominantly independent of Count 77, independent in its objective. It's a separate act, violence, separate victim, separate time, different time, different place, different act of violence. For that reason, I am ordering the term to be consecutive to the prior term." Each factor expressed by the court is contained in rule 425.[13]

Hetherington additionally claims the court failed to articulate fully its reasons for imposing consecutive sentences on *each* subordinate count. A consecutive sentence was imposed on count 82 "for the same reasons outlined above [in count 79]," on count 16 "for the exact reasons outlined above," on count 38 "for the reasons stated above" and on count 42 "for the same reason as expressed just a while ago." The court, however, failed to state reasons for imposing consecutive sentences on counts 70 and 81.

Obviously, the court's statement of reasons for counts 82, 16, 38 and 42 is less complete than for count 79. Under the circumstances of this case, however, the court's failure to formally repeat reasons for counts 82, 16, 38 and 42 does not require remand. For purposes of appellate review, the record sufficiently reveals the reasons the court relied on for imposing the four consecutive sentences on those counts after imposing the first consecutive sentence on count 79. (See *People* v. *Powell* (1980) 101 Cal.App.3d 513, 519 [161 Cal.Rptr. 803].)

■ Hetherington finally asserts the court's use of the same facts as a basis for more than one consecutive sentence was improper. However, "[n]othing in the statute or rules precludes the sentencing court from using the same fact(s) as a basis for more than one consecutive sentence." (*People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 705 [173 Cal.Rptr. 71].) Moreover, *Bejarano* aside, even though the court mentioned the same *factors,* it actually relied on different facts in imposing consecutive sentences on counts

---

[13]Rule 425 states, in pertinent part: "Criteria affecting the decision to impose consecutive rather than concurrent sentences include:

"(a) Facts relating to the crimes, including whether or not:

"(1) The crimes and their objectives were predominantly independent of each other.

"(2) The crimes involved separate acts of violence or threats of violence.

"(3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior."

79, 82, 16, 38 and 42 because each of those counts involved criminal conduct with a different victim at a different time. The court also articulated its reasons in a manner which enables this court to review each sentence for uniformity under the determinate sentencing law. (See *People* v. *Edwards* (1981) 117 Cal.App.3d 436, 449 [172 Cal.Rptr. 652].)

■ As sympathetic as we are to the burden imposed on sentencing courts by the complexity of the sentencing rules, we cannot overlook the court's failure to state reasons for imposing consecutive sentences on counts 70 and 81. We cannot assume harmless error by speculating on the probability the court will impose the same sentences on remand. The court's omission requires a remand for resentencing on counts 70 and 81. (*People* v. *Edwards, supra,* 117 Cal.App.3d at p. 450.)

### Disposition

The judgment is affirmed. The case is remanded for resentencing on counts 70 and 81.

Cologne, Acting P. J., and Butler, J., concurred.