[No. G000735. Fourth Dist., Div. Three. Sept. 13, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL G. STEPHENSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976(b), parts I through IV do not meet the standards for publication.

COUNSEL

Carl B. Pearlston, Jr., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steven H. Zeigen and Lilia E. Garcia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SONENSHINE, J.—A jury convicted defendant Michael George Stephenson of four counts of child molestation (Pen. Code, § 288, subd. (a)),[1] 22 counts of oral copulation with a minor (§ 288a, subd. (b)(2) and (c)), and one count of sodomy with a minor (§ 286, subd. (b)(2)). On appeal Ste-

---

[1] All statutory references are to the Penal Code unless otherwise stated.

phenson raises issues with respect to the admission of evidence, the jury instructions and his sentence.

A brief summary of the facts will suffice. Stephenson's pattern of activity with each of three male victims was essentially the same. Stephenson would invite the boy to his apartment, show him pornographic films and books depicting homosexual and heterosexual activity and, eventually, entice him into sexual activity, consisting of mutual masturbation, mutual oral copulation and, on one occasion (with Eric. E.), sodomy. At the time of his first contact with Bill B., in 1979, Stephenson was 39 years old and Bill B. was 13 years old. When Craig Y. met Stephenson in 1980 and Eric E. met him in in 1981, they were 12 and 13 years old, respectively. The jury acquitted Stephenson on all the charges involving Bill B.[2] Stephenson was convicted on all the charges involving Craig Y. and all but one of sodomy involving Eric E.[3]

I*

. . . . . . . . . . . . . . . . . . . . . . .

V

Stephenson's last argument is the trial court erred as a matter of law in sentencing him to serve a total of 15 years in state prison, rather than 10 years.  ▮  This position is premised upon the argument section 288, subdivision (a) child molestation is not a "violent felony" within the meaning of section 667.5, subdivision (c)(6).

The identical argument was made and rejected recently by another division in this district. (*People* v. *Hetherington* (1984) 154 Cal.App.3d 1132 [201 Cal.Rptr. 756].) We agree with the cogent analysis in *Hetherington* and reach the same conclusion.[13] When section 667.5, subdivision (c)(6)

---

[2]The defense effectively impeached Bill B.'s testimony about the location of the apartment where the sexual activity was supposed to have taken place and the nature of the sexual activity.

[3]The trial court entered a judgment of acquittal pursuant to section 1118.1 on one count of sodomy.

*See fn. *ante,* p. 7.

[13]We also note the recent decision of *People* v. *Cicero* (1984) 157 Cal.App.3d 465 [204 Cal.Rptr. 582], discussing the distinction between subdivision (a) and (b), but do not rely on it here.

defines a "violent felony" as a lewd act on a child under 14 *as defined in section 288,* it includes *all* of that section, including subdivision (a).[14]

Granted, the Legislature did distinguish between "violent" and "nonviolent" section 288 offenses when it added subdivision (b) in 1979. (*People* v. *Hetherington, supra,* 154 Cal.App.3d 1132, 1137.) At the same time, the Legislature added or amended seven other statutes in the Penal Code and Welfare and Institutions Code, making specific reference to section 288, subdivision (b). (*Id.,* at pp. 1137-1138.) The failure to change section 667.5, subdivision (c)(6) to define *only* section 288, subdivision (b) as a "violent felony" appears to be by design. (*Id.,* at p. 1138.) While section 288, subdivisions (a) and (b) each provide the same three terms of imprisonment, the potential punishment consequences for a subdivision (b) conviction are more severe by virtue of the other statutes which were enacted or amended at the time subdivision (b) was enacted. (*Ibid.*) Consequently, it cannot be said a failure to distinguish between subdivisions (a) and (b) for purposes of section 667.5, subdivision (c)(6) results in equating "violent" and "nonviolent" child molestation for sentencing purposes. (*Ibid.*)

As *Hetherington* notes, section 667.5, subdivision (c), also defines as "violent" felonies other offenses (§§ 37, 218), which can be committed without causing physical injury to a person. (154 Cal.App.3d at p. 1139.) But even were this not the case, it would not follow the Legislature did not intend to retain section 288, subdivision (a), as a "violent" felony under section 667.5, subdivision (c).

We must follow the plain meaning of section 667.5, subdivision (c), unless to do so will produce absurd results or will frustrate the manifest purpose of the legislation as a whole. We discern no absurd results occurring from this construction of the statute. The legislative intent to encompass section 288, subdivision (a) within section 667.5, subdivision (c)(6), is buttressed by subdivision (c)'s declaration condemning "extraordinary crimes of violence against the person." The absence of specific reference to *physical* injury, which the Legislature has done in many statutes, signifies to us, as it did to the court in *Hetherington,* a recognition certain felonies, such as section 288, subdivision (a), are "violent" by virtue of the extreme psychological or emotional harm caused by their commission. (*Id.,* at pp. 1139-1140.)

The trial court chose to sentence under section 1170.1 rather than section 667.6, subdivision (c). (See *People* v. *Belmontes* (1983) 34 Cal.3d 335 [193

---

[14]The pertinent part of that subdivision reads, "For purpose of this section, 'violent felony' shall mean any of the following . . . [¶] (6) Lewd acts on a child under 14 as defined in section 288."

Cal.Rptr. 882, 667 P.2d 686].) One section 288, subdivision (a) count was selected as the base term for Stephenson's sentence; the trial court imposed the middle term of five years and consecutive sentences on the twenty-six remaining counts. The court, pursuant to section 654, stayed imposition of sentence on certain counts. (See *People* v. *Perez* (1979) 23 Cal.3d 545, 551-552 [153 Cal.Rptr. 40, 591 P.2d 63].)[15] In addition, the trial court stayed another 13 years of the sentence, pursuant to section 1170.1, subdivision (a),[16] which limits the total subordinate term for consecutive *non-violent* felonies to five years. Three counts of child molestation (§ 288, subd. (a)) remained. The trial court imposed consecutive sentences of one-third the middle term of imprisonment on each of these counts resulting in an additional unstayed term of imprisonment of five years. Hence, the trial court sentenced Stephenson to a total unstayed term of 15 years in the state prison for the 27 convictions.

Part of the statutory sentencing scheme (§ 1170.1, subd. (g))[17] establishes a general rule the total term of imprisonment shall not exceed twice the number of years imposed as the base term *unless* the consecutive offenses

---

[15]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[16]Section 1170.1, subdivision (a) provides: "(a) Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.3, 12022.5, 12022.6, 12022.7 or 12022.8. The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements. In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years. The subordinate term for each consecutive offense which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5, shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5 or 12022.7."

[17]Section 1170.1, subdivision (g) provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

are "violent felon[ies]" as defined in section 667.5. But since the section 288, subdivision (a) convictions which resulted in the consecutive sentences *are* violent felonies, the limitation of section 1170.1, subdivision (g) did not apply. Stephenson was not limited to a total sentence of twice the base term of five years. There was no sentencing error.

The judgment is affirmed.

Trotter, P. J., and Crosby, J., concurred.