TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| | : | |
| OPINION | : | No. 99-403 |
| | : | |
| of | : | July 30, 1999 |
| | : | |
| BILL LOCKYER | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE GARY LIEBERSTEIN, DISTRICT ATTORNEY OF NAPA COUNTY, has requested an opinion on the following questions:

1.  May a person initiate and tape record a telephone call in an attempt to gain evidence of child molestation alleged to have been committed by the person called?

2.  If so, would such evidence be admissible in a subsequent civil or criminal proceeding?

CONCLUSIONS

1.  A person may initiate and tape record a telephone call in an attempt to gain evidence of child molestation alleged to have been committed by the person called.

2.  Such evidence would be admissible in a subsequent civil or criminal proceeding.

ANALYSIS

The California Privacy Act (Pen. Code, §§ 630-637.6; "Act")[1] generally prohibits "invasions of privacy," including the recording of telephone conversations. In 80 Ops.Cal.Atty.Gen. 342 (1997), we reviewed the provisions of the Act and concluded that telephone calls may not be recorded "unless (1) such calls are not deemed to be confidential or (2) there is an exemption available . . . ." (*Id.,* at p. 345.)

The two questions presented for resolution concern the recording of a telephone conversation in order to obtain evidence of child molestation alleged to have been committed by the person called. Does the Act authorize such a recording, and if so, would the evidence be admissible in a judicial proceeding? We conclude that the recording would be authorized and the evidence would be admissible.

1. Recording to Obtain Evidence

In the circumstances under consideration, we may assume that the person called would expect the call to be private and confidential. The Act is applicable to a confidential telephone call, and prevents one party to a conversation from recording it without the other's consent. (*Ribas* v. *Clark* (1985) 38 Cal.3d 355; *Frio* v. *Superior Court* (1988) 203 Cal.App.3d 1480.)[2]

Hence, we must look to the Act's exemptions to determine whether the call in question may be recorded.[3] We find section 633.5 to be the governing statute. It provides:

"Nothing in Section 631, 632, 632.5, 632.6, or 632.7 prohibits one party to a confidential communication from recording the communication for the purpose of obtaining evidence reasonably believed to relate to the commission by another party to the communication of the crime of extortion, kidnaping, bribery, [or] any felony involving violence against the person. . . . Nothing in Section 631, 632, 632.5, 632.6, or 632.7

---

[1] All references hereafter to the Penal Code are by section number only.

[2] The Act allows law enforcement officers to record telephone conversations with the consent of only one of the parties. (§ 633; *People* v. *Blend* (1981) 121 Cal.App.3d 215, 229; *People* v. *Carbonie* (1975) 48 Cal.App.3d 679, 684-685; *People* v. *Caravella* (1970) 5 Cal.App.3d 931, 933-934.)

[3] Because the Act is more stringent than federal law (18 U.S.C. §§ 2510-2520) with respect to the issue presented (see *People* v. *Otto* (1992) 2 Cal.4th 1088, 1097), we need not examine the applicability of the federal requirements.

renders any evidence so obtained inadmissible in a prosecution for extortion, kidnaping, bribery, [or] any felony involving violence against the person . . . ."

If child molestation constitutes a "felony involving violence against the person," a telephone conversation may be recorded in order to obtain evidence reasonably believed to relate to such crime. Is child molestation a felony involving violence against the person?

In *People* v. *Hetherington* (1984) 154 Cal.App.3d 1132, the court answered that question in a different context. There, the defendant had been the operator of a day care center, who "for almost three years . . . molested children" (*id.,* at p. 1136) and whose guilty plea included five counts of violating section 288, subdivision (a). At the time, section 288 provided:

"(a) Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

"(b) Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or threat of great bodily harm, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six or eight years.

"(c) In any arrest or prosecution under this section the peace officer, the district attorney, and the court shall consider the needs of the child victim and shall do whatever is necessary and constitutionally permissible to prevent psychological harm to the child victim." (Stats. 1981, ch. 1064, § 1.)

The court found that a "violent felony" was described by the Legislature in subdivision (c) of section 667.5, which now provides as follows:

"For the purpose of this section, 'violent felony' means any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(6) Lewd acts on a child under the age of 14 years as defined in Section 288.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(11) The offense defined in subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of

immediate and unlawful bodily injury on the victim or another person.

"..................................................................

"(16) Continuous sexual abuse of a child, in violation of Section 288.5.

"..................................................................

"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for these extraordinary crimes of violence against the person."[4]

The defendant argued that child molestation was a violent felony only as described in subdivision (b) of section 288 ("by use of force, violence, duress, menace, or threat of great bodily harm"), and not as described in subdivision (a). The court rejected the argument, explaining in part:

"Contrary to Hetherington's presumption, section 288, subdivision (a) is *not* the only 'nonviolent' felony remaining in section 667.5, subdivision (c). At least two other felonies which, by definition, can be committed without causing physical injury to a person (§§ 37, 218) are included in section 667.5, subdivision (c)(7). . . .

". . . Section 667.5, subdivision (c) states: 'The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such *extraordinary crimes of violence against the person*.' (Italics added.) We consider it significant that the statute refers simply to 'violence' rather than to 'physical violence,' 'physical injury' or 'bodily harm.' The statute's unadorned language indicates the Legislature intended to impose increased punishment via section 667.5, subdivision (c) not only for certain felonies which are 'violent' in a physical sense but also for other selected felonies which cause extraordinary psychological or emotional harm. [Citation.] By adding subdivision (c) to section 288 in 1981 . . . the Legislature recognized *both* subdivisions (a) and (b) violations often caused irreparable psychological and emotional damage to child victims. Therefore, 'to display society's condemnation for such extraordinary crimes of violence against the person,' the Legislature included *both* subdivisions (a) and (b) within section 667.5, subdivision (c)(6). The Legislature acted within its discretion, based on its proper concern for the welfare of children, to include subdivision (a) offenses . . . within the scope of section 667.5, subdivision (c). Accordingly, we hold . . . section 288, subdivision (a) offenses are 'violent felonies' under

---

[4] While the language quoted is the current version of the statute, subdivision (c)(6) has not been materially amended since being examined in *Hetherington*.

section 667.5, subdivision (c)(6) . . . ." (*Id.,* at pp. 1139-1140; fn. omitted.)

In *People* v. *Stephenson* (1984) 160 Cal.App.3d 7, the court agreed with the reasoning in *Hetherington*, stating in part:

"Granted, the Legislature did distinguish between 'violent' and 'nonviolent' section 288 offenses when it added subdivision (b) in 1979. [Citation.] . . . .

"As *Hetherington* notes, section 667.5, subdivision (c), also defines as 'violent' felonies other offenses (§§ 37, 218), which can be committed without causing physical injury to a person. [Citation.] But even were this not the case, it would not follow the Legislature did not intend to retain section 288, subdivision (a), as a 'violent' felony under section 667.5, subdivision (c).

". . . The legislative intent to encompass section 288, subdivision (a) within section 667.5, subdivision (c)(6), is buttressed by subdivision (c)'s declaration condemning 'extraordinary crimes of violence against the person.' The absence of specific reference to *physical* injury, which the Legislature has done in many statutes, signifies to us, as it did to the court in *Hetherington*, a recognition certain felonies, such as section 288, subdivision (a), are 'violent' by virtue of the extreme psychological or emotional harm caused by their commission. [Citation.]" (*Id.,* at p. 10.)

Not only do lewd acts on a child (§ 288) constitute a "violent felony" under section 667.5, so also do continuous sexual abuse of a child (§ 288.5) and penetration by a foreign or unknown object (§ 289) by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. (§ 667.5, subd. (c)(11), (16).) Based upon *Hetherington* and *Stephenson*, we believe that each of these forms of child molestation qualify as "any felony involving violence against the person" (§ 633.5) as defined by the Legislature.

Finally, we note that even if the person making the recording does not accomplish the objective of obtaining the evidence sought, there is no violation of the Act's provisions if the recording is made for a proper purpose. (*Lubetzky* v. *State Bar of California* (1991) 54 Cal.3d 308, 321; *People* v. *Parra* (1985) 165 Cal.App.3d 874, 889-890.)

We conclude in answer to the first question that a person may initiate and tape record a telephone call in an attempt to gain evidence of child molestation alleged to have been committed by the person called.

2. Admissibility of Evidence

The second question posed is whether the tape recording of a conversation involving

alleged child molestation may be admitted into evidence in a judicial proceeding. Section 633.5 is again the controlling statute. It states, as noted above, that "[n]othing in Section 631, 632, 632.5, 632.6, or 632.7 renders any evidence so obtained inadmissible in a prosecution for . . . any felony involving violence against the person . . . ." (See *People* v. *Suite* (1980) 101 Cal.App.3d 680; *People* v. *Parra, supra,* 165 Cal.App.3d 874; *People* v. *Ayers* (1975) 51 Cal.App.3d 370.)

It is to be recognized that exclusionary rules applicable to criminal proceedings are not ordinarily applied in non-criminal matters unless the circumstances under which the proffered evidence was obtained would result in a denial of due process. (See *United States* v. *Janis* (1976) 428 U.S. 433; *Emslie* v. *State Bar* (1974) 11 Cal.3d 210.)

We conclude that where the recording of a telephone conversation is permitted under the terms of section 633.5, it may subsequently be introduced into evidence in a civil or criminal proceeding.

\* \* \* \* \*